LAPICE *vs.* SMITH.

EASTERN DIST.
*March*, 1839.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE
PARISH OF POINT COUPEE, THE JUDGE THEREOF PRESIDING.

LAPICE
*vs.*
SMITH.

An informality in the citation, and an order of court requiring a new one, does not operate a discontinuance, so as to require payment of costs by the plaintiff before the suit proceeds.

A statute of another state, authenticated by the great seal and the certificate of the secretary of state, is admissible in evidence here.

An obligation executed here, and made payable in Mississippi, will be governed by the laws of that state, regulating the rate and payment of interest accruing after maturity.

This is an action by the payee against the maker of two promissory notes, made in the parish of Point Coupée, and payable at the Planters' Bank of the state of Mississippi, at Natchez, amounting in the aggregate to the sum of one thousand four hundred and thirty-one dollars. The plaintiff claims interest, at the rate of eight per cent. per annum, from the time said notes became due, until paid, which is allowed by the laws of the state of Mississippi, the place where they are made payable.

The defendant pleaded several exceptions to the informality of citation, etc.; and in his answer, admitted his signature to the notes, but denied the allegations generally.

On these pleadings and issues the cause was tried.

Several bills of exception were taken on the trial, which are noticed in the opinion of the court which follows, and need not be recapitulated.

There was judgment for the plaintiff, and the defendant appealed.

*Patterson,* for the plaintiff, urged the affirmance of the judgment with ten per cent. damages as for a frivolous appeal.

*Stevens,* for the defendant and appellant, insisted that his exceptions were improperly overruled, and cited in his support *Code of Practice, article* 492, 536.

2. The statute of Mississippi, relating to the rate of interest, was improperly admitted in evidence. The notes did not draw interest, none being stipulated on their face; but the judgment gives interest, and in this respect it is erroneous.

*Rost, J.*, delivered the opinion of the court.

The plaintiff sues upon two promissory notes, subscribed by the defendant, and made payable and negotiable at the Planters' Bank of Mississippi, at Natchez. He alleges that, at their maturity a demand of payment was duly made at the place stipulated, and that payment was refused; he prays judgment for the amount of the notes, with interest at eight per cent. per annum, since they became due. The defendant first excepted to the citation, on account of informalities, and his exception being sustained by the court, a new citation issued.

An informality in the citation and an order of court requiring a new one, does not operate a discontinuance so as to require payment of costs by the plaintiff before the suit proceeds.

A statute of another state authenticated by the great seal and the certificate of the secretary of state, is inadmissible in evidence here.

An obligation executed here and made payable in Mississippi, will be governed by the laws of that state, regulating the rate and payment of interest.

The defendant filed an answer, which we deem it unnecessary to notice, because the grounds of defence which it contains are entirely unsupported by evidence. During the trial, two bills of exception were taken by the defendant's counsel; one to the opinion of the court, that the suit might be proceeded in, although the costs incurred on the first citation had not been wholly paid; the other, to the admission in evidence, of a copy of a statute of the state of Mississippi under the great seal of the state, and the certificate of the secretary of state. There is nothing in either of these objections. An informality in the citation cannot be considered as a discontinuance, and the copy of the statute bearing upon its face the great seal of the state of Mississippi, and the certificate of the secretary of state, who is by law the keeper of that seal, required no other authentication. Judgment was given in favor of the plaintiff in the court below, and we are of opinion it ought to be affirmed. The obligations sued on being payable in the state of Mississippi, the rate of interest accruing after their maturity, must be regulated by the laws of that state. But as the defendant may have had doubts on the subject, on account of the notes hav-

ing been subscribed in Louisiana, we will not allow damages for a frivolous appeal, as prayed for by the plaintiff.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.